Booth, Judge,
delivered the opinion of the court:
Plaintiff in this case was employed in the Treasury Department on February 18, 1918. From January, 1922, to June 29, 1922, she was regularly employed in the Quartermaster General’s office at Camp Jesup, Georgia, receiving a basic salary of $1,200 per annum, plus the bonus of $240 per annum.
*309 When Camp Jesup was, for practical purposes, closed on June 30, 1922, the services of plaintiff, as before stated, were no longer needed there, so on April 15, 1922, preceding the closing of the camp, plaintiff was advised by wire that she would be retained in the service until her transfer to the United States Veterans’ Bureau could be accomplished. On June 10, 1922, the plaintiff received notice of her temporary appointment as a typist in the Veterans’ Bureau for not to exceed ninety days at a salary of $1,100 per annum. The temporary character of this appointment was due entirely to a delay in the certification by the Civil Service Commission authorizing plaintiff’s transfer from the Quartermaster’s Department to the Veterans’ Bureau. On August 7, 1922, the temporary appointment was made permanent and plaintiff’s transfer completed, the salary remaining the same. From July 12,1922, to June 30,1924, the plaintiff discharged the duties of a permanent typist in the bureau and received her basic salary of $1,100 per annum, but did not receive the $240 bonus. This suit is for the recovery of the bonus alleged to be due for said services.
The defendant questions plaintiff’s right of recovery upon the theory of her complete separation from the public service when Camp Jesup was closed, and her subsequent appointment in the Veterans’ Bureau, contending against the fact of a transfer from one department to another. The record as a whole does not- sustain the contention. The hiatus in plaintiff’s governmental service was not due to any fault of hers, or those intending to effect her transfer. It is ascribable to the usual delay incident to the civil service formalities required to bring it about. Of course she drew no pay during the interim; but it is manifest from what was done that plaintiff was to be transferred and her services continued. The period of time between the two employments was not unreasonable and the transaction was undoubtedly a transfer.
The Comptroller of the Treasury (3 Comp. Gen. 420, 421, 422) exhaustively treated a situation similar to the present one, construed the applicable statutes, and advised the Veterans’ Bureau that employees in plaintiff’s status were entitled to the bonus. With this opinion we are in accord. *310 Plaintiff is entitled to recover. Judgment for $472.67 will be awarded. It is so ordered.
Moss, Judge; Geaham, Judge; and Campbell, Ohief Justice, concur.