Whaley, Judge,
delivered the opinion:
The plaintiff was employed in the Pension Office from July 17, 1920, to December 30, 1921, at a salary of $1,200 per annum and received an additional compensation of $240 per annum until December 30, 1921, when he resigned. The next day, or December 31, 1921, he entered upon the duties of a probational appointment at a salary of $1,800 per annum in the Field Service, Veterans’ Bureau, at Washington, D. C.
On January 16, 1922, he was transferred from Claims Examiner, probational, under the United States Veterans’ Bureau at Washington, D. C., to the position of Claims Examiner, probational, under, the United States Veterans’ Bureau at New Orleans, Louisiana, at a salary of $1,800 per annum.
*461 There is no contention made that the resignation from the Pension Bureau and employment under the Veterans’ Bureau within a reasonable time would deprive an employee of increased compensation acquired in former employment, nor is it contended that this employment under the Veterans’ Bureau was not in the nature of a transfer. The Comptroller General has held that—
“Where an employee resigned in one department and was appointed in another, either by way of transfer or new appointment, immediately or within a reasonable time, a right to increase of compensation acquired in the former employment would continue to exist without a certification in connection with the new employment, and reentry into the service within a period of six months would be within a reasonable time.” 3 Comp. Gen. 419, 421.
This decision of the Comptroller General is referred to in the case of Jackson v. United States, 64 C. Cls. 306, and there commented upon favorably.
This leaves as the sole question to be decided in this case, the effect of the act of October 6, 1917, section 7, 40 Stat. 383, 384, which reads as follows:
“That no civil employee in any of the executive departments or other Government establishments, or who has been employed therein within the period of one year next preceding his proposed employment in any other executive department or other Government establishment, shall be employed hereafter and paid from a lump-sum appropriation in any other executive department or other Government establishment at an increased rate of compensation.”
It is contended by the defendant that the plaintiff was employed in the Veterans’ Bureau. There is no doubt that the plaintiff, when he was employed in the field service of the Veterans’ Bureau, received an increased compensation of $600 over and above his former compensation in the Pension Office, or $360 over and above his combined salary and bonus in his former employment.
This statute prohibits reemployment at increased compensation within one year after employment in any other department or other Government establishment. If plaintiff were employed in the Veterans’ Bureau at the seat of Government, he could not have received the increased salary legally, but if he were appointed in the Field Service under the Veterans’ *462 Bureau, be could be employed at an increased salary and be would be entitled to extra compensation. Plaintiff's appoint-mentcarries tbeword “Field” as well as “Your official station is Central Office.” He could not have been appointed to both the Field Service and the Central Office in Washington because if be bad been appointed to the Central Office, his increased compensation within one year, over and above that of his former employment, would not be legal. The Comptroller has held there is a difference between employment in a department or other Government establishment and Field Service positions which are under a department. 24 Comp Dec. 253.
The plaintiff was located in Washington, D. C., probation-ally, from December 31, 1921, to January 16, 1922, and was thereafter transferred to New Orleans. There is no question that he was in the Field Service and not in any department or other Government establishment from January 16, 1922, and in our opinion, he was also in the Field Service from his first probational appointment effective December 31, 1921, and retained in Washington, D. C., for instruction. This must be true, otherwise he could not have received the increased compensation as prohibited under section 7 of the act of 1917, supra. He could not have received the increased compensation or bonus for one year after his appointment, effective December 31, 1921, which would bring him up to December 31, 1922. From then on he would be entitled to receive extra compensation. He did not receive the bonus.
The defendant contends that the plaintiff was not in the Field Service any time before July 1, 1923, and that the provision of the act of March 4, 1923, section 2, 42 Stat. 1557, 1558, which reads—
“Sec. 2. That the provisions of this Act shall not apply to the following: * * * employees paid from lump-sum appropriations in bureaus, divisions, commissions, or any other governmental agencies or employments created by law since January 1, 1916, except employees of * * * the United States Veterans’ Bureau * * * who shall be included; but the additional compensation granted herein shall not be paid to any person employed in the United States Veterans’ Bureau who did not receive the additional compensation during the fiscal year 1923; * *
*463 applies. There is no doubt that the plaintiff was in the Field Service during the year 1922 and therefore was entitled to receive the bonus for 1923 and thereafter. He served during the year 1923 to June 30, 1924, and is therefore entitled to receive the bonus for that period, or the sum of $360.00. It is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.